IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIM. ACT. NO.  2:17cr222-WKW |
| | ) | |
| GIRRARD DEON TELLIS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Girrard Deon Tellis ("Tellis") is charged in a one count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). (Doc. # 1).  On September 13, 2017, the court accepted Tellis' guilty plea and adjudged him guilty of the single count in the indictment.  On February 15, 2018, Tellis filed a motion to withdraw his guilty plea (doc. # 42) contending that his attorney rendered ineffective assistance of counsel to him prior to his guilty plea. Specifically, Tellis asserts that his counsel affirmatively advised Tellis that he would not be subject to an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. §924(e)(1), because his prior convictions did not provide the necessary three predicate convictions.  The government opposes the defendant's motion, and the court heard oral argument on the motion on March 5, 2018.[1]  Upon careful consideration of the motions, briefs of the parties and oral argument, the court concludes that the motion to withdraw the guilty plea should be GRANTED.

---

[1]  At the conclusion of oral argument, the government asserted that there was insufficient evidence to support the defendant's motion and suggested that the defendant should testify.  The defendant declined to offer testimony and stood on counsel's proffer as to the advice given to the defendant.  At no point prior to the argument did the government request an evidentiary hearing, and the court determines that an evidentiary hearing at this juncture is not necessary.  *See United States v. Rivers*, 656 F. App'x 444, 447-448 (11th Cir. 2016).

On June 28, 2017, the United States filed a one count indictment against Tellis that accuses him of

having been convicted of felony offenses, . . . to wit:

- On or about March 25, 1999, first-degree possession of marijuana, in the Circuit Court of Montgomery County, Alabama, case number CC-97-002372.00;

- On or about January 9, 2006, unlawful distribution of a controlled substance, in the Circuit Court of Montgomery County, case number CC-2005-1209.0;

- On or about June 24, 2011, first-degree possession of marijuana and possession of a controlled substance, in the Circuit Court of Montgomery County, case number CC-2010-000746.00,

did knowingly and intentionally possess in and affecting interstate commerce a firearm, to wit, a Smith & Wesson, model SD40 VE, .40 caliber semi-automatic pistol, a better description of which is unknown to the grand jury, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

(Doc. # 1).

On September 13, 2017, the undersigned conducted a change of plea proceeding pursuant to FED.R.CRIM.P. 11. During the plea colloquy, the court asked Tellis pertinent questions related to his desire to enter a guilty plea.

THE COURT: Mr. Tellis, have you received a copy of the indictment returned against you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand the charge against you?

THE DEFENDANT: Yes, sir.

2

THE COURT:  Mr. Tellis, are you fully satisfied with Mr. Ganter's representation of you in this case?

MR. GANTER:  Your Honor, I'll go ahead and say that I am filling in for Nate Wenstrup, another office – attorney in our office.  He has primarily consulted with Mr. Tellis, although I did do – handle the detention hearing. Primarily it's been Mr. Wenstrup who's consulted with Mr. Tellis.

THE COURT:  All right.  Mr. Tellis, are you fully satisfied with Mr. Wenstrup's representation and the other lawyer's representation of you?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Tellis, has anyone made any promise to you to get you to plead guilty in this case?

THE DEFENDANT:  No, sir.

THE COURT:  Mr. Tellis, if the Court accepts your guilty plea, you will later be sentenced.  And even if the sentence imposed on you is more severe than any sentence you expect, you will not be able to withdraw your guilty plea. Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Tellis, has anyone in any way attempted to force you to plead guilty in this case?

THE DEFENDANT:  No, sir.

*      *      *

THE COURT: Mr. Tellis, the maximum punishment for this offense is a term of imprisonment of not more than ten years, a fine of not more than $250,000, or both the fine and the imprisonment.  Upon release from any imprisonment, you would be subject to a period of supervised release of not more than three years.  You would be required to pay to the Court a $100 assessment fee. Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Davidson.

MR. ROSS:  Mr. Ross, Your Honor.

THE COURT:  Mr. Ross.  I always do that.  I apologize.

MR. ROSS:  That's all right.  Your Honor, if the defendant is determined to be subject to the Armed Career Criminal Act, he is subject to a 15-year –

THE COURT:  And I understand that.  I was – thank you.

MR. ROSS: I didn't mean to cut you off.

THE COURT:  Mr. Tellis, there's a possibility that the Court may determine that you are subject to the armed career criminal – Armed Career Criminal Act.  If that is the case, the maximum punishment is increased to a term of imprisonment of not less than 15 years, a fine of not more than $250,000, or both the fine and the imprisonment.  Upon release from any imprisonment, you would be subject to a period of supervised release of not more than five years.  You would be required to pay to the Court a $100 assessment fee.  Do you understand that?

THE DEFENDANT: Yes, I do.

*       *       *

THE COURT:  Now, have you and Mr. Ganter or Mr. Wenstrup talked about the advisory sentencing guidelines and how they may apply in your case?

THE DEFENDANT:  Yes, we did, sir.

THE COURT:  Mr. Tellis, the Court will not be able to determine the advisory guideline sentencing range for your case until after a presentence report has been prepared and after both you and the government have an opportunity to review that report, to challenge the facts as stated in the report, or to challenge the application of those facts to the guidelines.  Do you understand that?

4

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Tellis, any sentence imposed on you may be different from any estimate that your lawyers have given you.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT: Mr. Tellis, even after the advisory sentencing guideline range for your case has been determined, the Court has the authority in some circumstances to impose on you a sentence which is either above or below a sentence within the guideline range. In determining the final sentence to impose on you, in addition to considering the advisory guidelines, the Court will also consider all of the sentencing factors that are set for at 18 United States Code, Section 3553(1). And all of that could result in a sentence which is above or below a sentence within the guideline range for your case.  Do you understand that?

THE DEFENDANT:  Yes, sir.

(Doc. # 39 at 4-8).

The United States Probation Officer assigned to the defendant's case completed a presentence investigation report determining that Tellis is subject to the ACCA enhancement based on his 2006 and 2011 convictions in the Circuit Court of Montgomery County, Alabama.[2]  The defendant contends that he should be permitted to withdraw his guilty plea because, due to his counsel's ineffectiveness, it was not knowing and voluntary. Specifically, Tellis argues that because his attorney admittedly and erroneously advised him that he "did not have the requisite three predicate felonies necessary to trigger the ACCA

---

[2]  Part of the confusion in this case stems from the fact that the parties referred to the prior convictions based on their case numbers (i.e. 2005 and 2010) rather than when the convictions occurred in 2006 and 2011.

enhancement, and, as a result, that the statutory maximum penalty for his § 922(g) offense was ten years' imprisonment."  (Doc. # 42 at 2).

"A defendant may withdraw his guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal."  FED.R.CRIM.P. 11(d)(2)(B).  *See also United States v. Toussaint*, 620 F. App'x 831, 835 (11th Cir., 2015).  Presentence motions to withdraw guilty pleas should be "liberally construed."  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). It is the defendant's burden to demonstrate "a fair and just reason."  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).  In order to determine whether the defendant has met his burden, the court is directed to

> consider the totality of the circumstances surrounding the plea.  Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

*Buckles*, 843 F.2d at 471-72 (internal citations omitted).  *See also*, *United States v. Ramdeo*, 682 F. App'x 751, 757 (11th Cir. 2017); *United States v. Rivers*, 656 F. App'x 444, 447 (11th Cir. 2016)

In weighing these factors, questions of judicial resources and government prejudice are to be given less weight than whether the defendant had close assistance of counsel and whether the plea was knowing and voluntary.  *See Ramdeo*, 682 F. App'x at 757.  It is undisputed that Tellis had "close assistance of counsel." However, it is also undisputed that his counsel wrongly advised Tellis that he would not be subject to the ACCA.  This is not

a case wherein the defendant was merely misadvised by his counsel of the applicability of the Armed Career Criminal Act.  Rather after long and extensive conversations with the defendant, counsel affirmatively and with certainty informed Tellis that he would not be subject to the ACCA.  In addition, counsel advised Tellis that the court would, during the guilty plea colloquy, mention the ACCA but counsel told Tellis that he was simply being warned by the court.  Counsel informed Tellis that they had reviewed the documents and represented to Tellis that he did not have the requisite convictions necessary to invoke the ACCA.[3]  Thus, although Tellis had close assistance of counsel, this factor weighs in Tellis' favor because his counsel advised him with certainty that the ACCA would not be applied to him.

The determinative factor in this case, therefore, is whether Tellis' guilty plea was knowing and voluntary.

> In every case, however, the court "must address three core concerns underlying Rule 11:  (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea."

*Rivers*, 656 F. App'x at 448.

The court concludes that because of counsel's advice, Tellis did not know or understand that he qualified for the ACCA's statutory enhancement which increased his

---

[3]  At oral argument, the government acknowledged that the indictment listed three prior felony convictions to support the charge of being a felon in possession; the convictions were not linked to the ACCA enhancement.  In addition, only the 2006 and 2011 convictions were applicable to the ACCA enhancement. The United States Probation officer determined, after reviewing state court documents that the 2006 conviction constituted two separate serious drug offenses even though only one charge is listed in the indictment.

minimum sentence to fifteen years rather than a maximum sentence of ten years. Tellis'
plea, therefore, was not knowing or voluntary. Tellis need not convince the court that "had
he gone to trial, the result of that trial "would have been different" than the result of the plea
bargain." *Lee v. United States*, — U.S. —, —, 137 S.Ct.1958, 1965 (2017). Rather, the
court considers "whether the defendant was prejudiced by the "denial of the entire judicial
proceeding . . . to which he had a right." *Id. citing Roe v. Flores-Ortega*, 528 U.S. 471,
483, 120 S.Ct. 1029 (2000). Tellis complains that counsel's error directly affected his
understanding of a consequence of his guilty plea, and the court agrees. Tellis entered his
plea understanding that his *maximum* sentence was ten years; he did not know and
understand that his *minimum* sentence was fifteen years due to the applicability of the
ACCA. Counsel's advice to Tellis removed any possibility of the applicability of the
ACCA. He affirmatively stated to Tellis that it did not apply.

The government relies on the "strong presumption that statements made during a plea
colloquy are true" and suggests that the Court's advice regarding the possible application
of the ACCA ameliorates any advice given to Tellis by his counsel. The court disagrees.
First, during the plea colloquy, the court advised Tellis that "there's a *possibility* that the
Court *may* determine" that he was subject to the ACCA. The assistant United States'
attorney, in bringing the ACCA to the Court's attention, said "*if* the defendant is determined
to be subject to the Armed Career Criminal Act, he is subject" to a fifteen year sentence.
(Doc. # 39 at 6) (emphasis added). These ambivalent statements about the possibility of

8

the ACCA applying to Tellis, coupled with his attorney's unequivocal advice that Tellis was not subject to the ACCA, lead the court to conclude that Tellis' plea was not knowing and voluntary.  Counsel's error undermined Tellis' understanding of the consequences of his guilty plea.

While the court recognizes that allowing Tellis to withdraw his guilty plea will require the court and the government to expend judicial resources with a trial, however, these factors do not outweigh the court's determination that Tellis' guilty plea was not knowing and voluntary because he did not understand the consequence of pleading guilty.

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to withdraw guilty plea (doc. # 42) be GRANTED.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 20, 2018.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R.

3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner*

*v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 6th day of March, 2018.


                     /s/Charles S. Coody
                   CHARLES S. COODY
                   UNITED STATES MAGISTRATE JUDGE